No. 67,771

In the Matter of ROBERT C. JOHNSON, *Respondent.*

(840 P.2d 515)

Opinion filed October 30, 1992.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for the petitioner.

*Robert C. Johnson* appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Robert C. Johnson, of Herington, an attorney duly admitted to the practice of law in Kansas. A hearing panel of the Kansas Board for Discipline of Attorneys unanimously found a violation of Model Rules of Professional Conduct 1.1 (1991 Kan. Ct. R. Annot. 228) and 1.3 (1991 Kan. Ct. R. Annot. 232), in that Johnson failed to provide competent representation to a client and also failed to act with reasonable diligence and promptness in representing a client.

Johnson had only two active cases in the spring and summer of 1991. First, he represented Adrian Doerr in a divorce action filed by Mrs. Doerr. An emergency divorce was granted on April 29, 1991. The division of property was bifurcated. A hearing on the property settlement was set for June 14, 1991. In May 1991, Mrs. Doerr's attorney, Stanley Ausemus, submitted a proposed property settlement to Johnson. It was acceptable to Mr. Doerr. Johnson failed to communicate Mr. Doerr's acceptance to Ausemus because he expected Ausemus to provide him with the property settlement agreement for Mr. Doerr's signature before it was filed with the court.

Believing the property settlement had been resolved, neither Johnson nor his client appeared at the hearing on June 14, 1991. When Johnson did not appear, the trial court made several attempts to call him and finally left Johnson a message on his answering machine. Upon getting the message, Johnson called

Ausemus and was told the property was divided in accordance with Ausemus' May 1991 proposal.

Johnson's other case involved representing Robert T. Grogger on one count of harassment by telephone, a violation of K.S.A. 21-4113(b), a class A misdemeanor. Although Johnson had once worked as the assistant county attorney of Dickinson County, he no longer took criminal cases and recommended that Grogger hire a criminal lawyer. Ultimately, however, Johnson accepted Grogger's case. Grogger's trial was held on June 10, 1991, and the jury found him guilty. The trial court scheduled sentencing for July 19, 1991, at 2:00 p.m.

Following the trial, Johnson moved for a new trial or in the alternative for an acquittal. Without consulting opposing counsel or the trial court, Johnson scheduled the hearing for his motion on July 19, 1991, at 1:15 p.m. On July 19, 1991, Johnson did not arrive at the courthouse until shortly before 3:00 p.m.; thus, he missed both hearings scheduled for that day. Although his case file contained the correct times for these hearings, Johnson had marked his office wall calendar with 3:00 p.m.

Both of Johnson's active cases were in the Lyon County District Court before Judge Merlin G. Wheeler. When Johnson did not appear for Grogger's sentencing, Judge Wheeler appointed another attorney to represent Grogger and continued the motion for new trial and sentencing until August 15, 1991. At the rescheduled hearing, Johnson was given the chance to show cause for his failure to appear on July 19, 1991. Judge Wheeler found Johnson in contempt of court but allowed Johnson to purge the contempt finding by writing letters of apology to the county attorney and Grogger. Judge Wheeler reported Johnson's conduct in the two cases to the disciplinary administrator.

A panel of the Kansas Board for Discipline of Attorneys held a hearing on February 25, 1992. After considering the evidence presented by the Deputy Disciplinary Administrator and Johnson, who appeared pro se, the hearing panel issued a report in which it concluded it was shown by clear and convincing evidence that Johnson had violated MRPC 1.1 and 1.3. MRPC 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the rep-

resentation." MRPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

The panel further found no aggravating circumstances. In mitigation it is noted that neither of Johnson's clients complained to the Disciplinary Administrator concerning Johnson's representation. Johnson further explained that he had had a very serious heart attack in January 1990 and had needed a long period of recuperation. On the advice of his doctor, Johnson was not pursuing his law practice full time. In fact, at the time in question, Johnson was attempting to start a real estate business. The panel recommended Johnson be censured by this court.

The sole issue before us is whether Johnson violated MRPC 1.1 by failing to provide competent representation and MRPC 1.3 by failing to act with reasonable diligence and promptness. If we find Johnson has violated these professional rules of conduct, we must then determine the appropriate disciplinary action pursuant to Supreme Court Rule 203 (1991 Kan. Ct. R. Annot. 143).

Johnson offered no explanation of his failure to appear at the three hearings in Lyon County District Court other than that he assumed no property division hearing would be necessary in the Doerr case because his client had agreed to the May 1991 proposal. Johnson, however, testified that he knew no property settlement agreement had been signed prior to the scheduled hearing. Johnson further stated he does not know why he marked his calendar for Grogger's sentencing at 3:00 p.m. rather than the time scheduled for his own motion, 1:15 p.m., or the 2:00 p.m. hearing scheduled by the court.

Even though respondent's clients made no complaint, we find he has violated the Model Rules of Professional Conduct. We find Johnson has violated MRPC 1.1 and MRPC 1.3 pursuant to the findings of the panel. We find he should be disciplined by public censure.

IT IS THEREFORE ORDERED that Robert C. Johnson be and he is hereby disciplined by this court by public censure for his previously enumerated violations of the rules of professional conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this order be published in the official Kansas Reports.